**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

MARVIN DEARING,                    Case No. 1:17-cv-425
       Plaintiff,

                                Black, J.
     vs                       Bowman, M.J.

MR. WEAKS, *et al.*,             **ORDER AND REPORT**
       Defendants.           **AND RECOMMENDATION**

Plaintiff, a prisoner at the Southern Ohio Correctional Facility (SOCF), has filed a pro se civil rights complaint against defendants Mr. Weaks, mailroom worker Madarsi, and Timothy Howard. (Doc. 1, PageID 4). By separate Order, plaintiff has been granted leave to proceed *in forma pauperis*. This matter is before the Court for a *sua sponte* review of the complaint to determine whether the complaint or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b). Also before the Court is plaintiff's motion for a preliminary injunction or temporary restraining order. (Doc. 2).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action is frivolous or malicious. *Id.*; *see also* 28 U.S.C. §§ 1915(e)(2)(B)(i) and 1915A(b)(1). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d

1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are "fantastic or delusional" in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915 (e)(2)(B)(ii) and 1915A(b)(1). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide

"more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

In the complaint, plaintiff claims that in April 2016, plaintiff requested a copy of his birth certificate from the Bureau of Vital Statistics for the purpose of changing his first and last name. (Doc. 1, PageID 5). On November 11, 2016, a bureau representative informed plaintiff that his birth certificate was mailed to him at SOCF's address on May 28, 2016. Plaintiff subsequently learned that Mr. Weaks, the prison cashier office supervisor, is in possession of the birth certificate and will not provide the document to plaintiff until he is transferred to another prison. Plaintiff unsuccessfully sought relief via the institutional grievance procedure. (*See id.* at PageID 7–8).

Based on the above factual allegations, plaintiff claims that defendants violated his First Amendment rights. Plaintiff also brings a due process claim for the confiscation of his personal property. (*Id.* at PageID 8–9).

At this juncture in the proceedings, without the benefit of briefing by the parties to this action, the undersigned concludes that plaintiff's First Amendment claims are worthy of further development and may proceed at this juncture. However, plaintiff's remaining due process claims should be dismissed for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).

To the extent plaintiff alleges he was deprived of his property without due process of law, his allegations are insufficient to state an actionable § 1983 claim.  In order to assert such a claim, plaintiff must first "plead . . . that state remedies for redressing the wrong are inadequate." *Vicory v. Walton*, 721 F.2d 1062, 1066 (6th Cir. 1983).  *See also Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt*, 451 U.S. 527 (1981).  "If satisfactory state procedures are provided in a procedural due process case, then no constitutional deprivation has occurred despite the injury." *Jefferson v. Jefferson County Pub. Sch. Sys.,* 360 F.3d 583, 587-88 (6th Cir. 2004).  Accordingly, in order to state a procedural due process claim under section 1983 "the plaintiff must attack the state's corrective procedure as well as the substantive wrong."  *Meyers v. City of Cincinnati*, 934 F.2d 726, 731 (6th Cir. 1991) (quoting *Vicory*, 721 F.2d at 1066).  A plaintiff "may not seek relief under Section 1983 without first pleading and proving the inadequacy of state or administrative processes and remedies to redress [his] due process violations."  *Jefferson*, 360 F.3d at 588.

Plaintiff has not alleged any facts even remotely indicating that his remedies under Ohio law to redress the wrong of which he complains are inadequate.  Plaintiff's complaint fails to explain why a state tort remedy for conversion would not suffice to address his claim.  *See Fox v. Van Oosterum,* 176 F.3d 342, 349 (6th Cir. 1999).  Therefore, he fails to state a due process claim that is actionable in this § 1983 proceeding.

Finally, plaintiff's motion for a preliminary injunction or temporary restraining order (Doc. 2) should be denied, as plaintiff has not shown a probability of irreparable injury without injunctive relief.  *See Winter v. Nat'l Resources Def. Counsel, Inc.*, 555 U.S. 7 (2008).

Accordingly, in sum, plaintiff may proceed with his First Amendment claims.  However, plaintiff's remaining due process claims should be dismissed for failure to state a claim upon

which relief may be granted.  *See* 28 U.S.C. §§ 1915(e)(2)(B) & 1915A(b).  Additionally, it is recommended that plaintiff's motion for a preliminary injunction or temporary restraining order be denied.

## IT IS THEREFORE RECOMMENDED THAT:

1.  Plaintiff's due process claims against all defendants be **DISMISSED.**

2.  Plaintiff's motion for a preliminary injunction or temporary restraining order (Doc. 2) be **DENIED**.

## IT IS THEREFORE ORDERED THAT:

1. The United States Marshal shall serve a copy of the complaint, summons, the separate Order issued this date granting the plaintiff *in forma pauperis* status, and this Order and Report and Recommendation upon defendants, as directed by plaintiff, with costs of service to be advanced by the United States.

2.  Plaintiff shall serve upon defendants or, if appearance has been entered by counsel, upon defendants' attorney(s), a copy of every further pleading or other document submitted for consideration by the Court.  Plaintiff shall include with the original paper to be filed with the Clerk of Court a certificate stating the date a true and correct copy of any document was mailed to defendants or defendants' counsel.  Any paper received by a district judge or magistrate judge which has not been filed with the Clerk or which fails to include a certificate of service will be disregarded by the Court.

3.  Plaintiff shall inform the Court promptly of any changes in his address which may occur during the pendency of this lawsuit.

 *s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

MARVIN DEARING,                                 Case No. 1:17-cv-425
      Plaintiff,

                             Black, J.

      vs                                       Bowman, M.J.

MR. WEAKS, *et al.*,
      Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations.   This period may be extended further by the Court on timely motion for an extension.  Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections.  If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs.  A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).